No. 3461.

(Court of Appeal, Parish of Orleans.)

WILLIAM GOMEZ vs R. D. WILDE AND A. E. LANGHOFF.

1. The provision of Art. 233 of the Constitution was intended to have the effect of a statute of repose, but, to have that effect and to quiet his title by the prescription therein provided, the tax purchaser must be either 1st. one who takes actual corporeal possession of the property under and by virtue of the Tax Collector's title; or 2nd, one who buys property not tangibly but only constructively in the possession of the tax debtor, and, himself, obtains no other possession than the civil or constructive possession which follows the tax collector's title to him and its registry in the Conveyance office.

2. The tax purchaser who buys property which is tangibly and corporeally in the possession of the tax debtor, but who contents himself with merely accepting and recording the tax collector's title, making no effort to dispossess the original owner, is not afforded a sufficient foundation to support the inhibition that no sale of property for taxes shall be set aside for any cause except that of dual assessment or the antecedent payment of taxes, unless the proceding to annul is instituted within three years of the adoption of the Constitution.

3. A party who pleads prescription is bound to prove the facts necessary to sustain the plea.

Appeal from Civil District Court, Division B.

Emile Pomes, for plaintiff and appellant.

Dinkelspiel and Hart, for defendants and appellees.

MOORE, J. This is a suit to annul a tax title to which the constitutional prescription of 3 years is pleaded.

The plea having been sustained plaintiff appeals.

No evidence was administered by either parties to the suit but by the allegations of the petition it appears that the property was sold by the State on the 21 day of July 1897 to August C. Langhoff for State taxes, assessed against the then owner, due for the year 1896, and that subsequently it was again sold by the State, on the 2nd. of August 1900, for State Taxes due for the year 1899, assessed against the then owner Langhoff; and was acquired by R. D. Wilde.

213

The nullity alleged is the erroneous description of the property under the assessment of 1896.

The suit was filed on the 13 October 1903. Article 233 of the Constitution declares that no sale of property for taxes, made prior to the adoption of that instrument, shall be set aside for any cause, except on proof of dual assessment, or of payment of taxes for which the property was sold prior to the day of the sale, unless the proceeding to annul is instituted within 3 years from the adoption of the constitution.

This provision of the Constitution was intended to have the effect of a Statute of repose but to have that effect and to quiet his title by this prescription the tax purchaser must be either: 1st. One who takes actual, corporeal possession of the property under and by virtue of the tax collector's title, Cantor vs Heirs of William 107 La 77, or, 2nd, One who buys property not tangibly but only constructively in the possession of the tax debtor, and, himself, obtains no other possession than the civil or constructive possession which follows the tax collector's title to him and its registry in the Conveyance records. Ashley vs Bradford 109 La. 641.

To those who buy property which is tangibly and corporeally in the possession of the tax debtor, but who content themselves with merely accepting and recording the tax collector's title, making no effort to dispossess the original owner, the provision of the Constitution does not afford them a sufficient foundation to support the inhibition, that no sale of property for taxes shall be set aside for any cause except that of dual assessment or the antecedent payment of taxes, unless the proceeding to annul is instituted within three years of the adoption of the Constitution.

In order, therefore, to determine whether the tax purchaser in the instant case is protected by this provision of the Constitution it must first be ascertained in which of the three classes, *supra*, he may be placed.

The petition advises us that the plaintiff "is the owner and *possessor*" of the property; but whether that possession is actual and coporeal, or only constructive, is not stated; nor on the other hand does the record indicate the character of the tax purchaser's possession, nor the character of the property, whether vacant or otherwise.

The burden of proving the facts necessary to sustain the plea of prescription was on the defendant who interposed that plea. 10 R. 52, 4 A. 467; 5 A. 525; 9 A. 494-10 A, 673; 15 A. 332; 16 A. 353, and he has not proven them.

The plaintiff and appellant however, has, at the bar of this Court, asked us simply to remand the cause in order that the defendant may have an opportunity to prove the facts from which he seeks relief under cover of prescription, and we will do so.

214

It is therefore ordered adjudged and decreed that the Judgment appealed from be and the same is hereby avoided and set aside and the cause remanded to the lower Court with instructions to reinstate the plea of prescription and to proceed with the trial of said plea according to the views herein expressed and otherwise to hear and determine the cause according to law. The costs of appeal to be taxed against the appellee,